UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES WALTER WEBER,

    Plaintiff,

v.

STATE OF WASHINGTON, *et al.*,

    Defendants.

CASE NO. 3:21-cv-05862-BHS-DWC

REPORT AND RECOMMENDATION

NOTED FOR:  April 29, 2022

    Plaintiff, through counsel, filed a complaint in state court. Dkt. 1-2. On November 29, 2021, Defendants filed a notice of removal. Dkt. 1. As discussed below, it is recommended that Defendants Verness and Bowman be DISMISSED WITHOUT PREJUDICE for failure of service of process.

    On March 8, 2022, the Court entered an order noting that Plaintiff had not served Defendants Eleanor Verness, Christopher Bowman, and Charles Pease, III within 90 days of removal and directing Plaintiff to show cause why these Defendants should not be dismissed. Dkt. 9. Plaintiff's counsel filed a response to the order to show cause and a supporting

1  declaration. Dkts. 11–12. Plaintiff's counsel describes his efforts to obtain a waiver of service for
2  Defendant Pease and states that Defendants have agreed to waive service for him. *See* Dkt. 12;
3  Dkt. 12-1. Therefore, Plaintiff's counsel has shown good cause for his failure to timely serve
4  Defendant Pease.

5  However, Plaintiff's counsel did not provide any information regarding efforts to serve
6  Defendants Verness and Bowman. Notably, Plaintiff's counsel declares that he has "informed
7  opposing counsel that all [D]efendants ha[ve] waived service except [Defendant] Pease." Dkt. 12
8  ¶ 8; *see also* Dkt. 11 at 2 (referring to Defendant Pease as "the missing defendant"). Thus, the
9  record reflects that Plaintiff's counsel does not intend to serve Defendants Verness and Bowman
10 or further attempt to obtain service waivers for them. Consequently, Plaintiff's counsel has not
11 shown good cause for the failure to timely serve them.

12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24

REPORT AND RECOMMENDATION - 2

1  Accordingly, it is recommended that Defendants Verness and Bowman be DISMISSED WITHOUT PREJUDICE for failure of service of process.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 29, 2022** as noted in the caption.

Dated this 11th day of April, 2022.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3